UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EDWARD C. BROWDER, as next friend of EARNEST STEPHEN BRADLEY, ) ) ) ) *Petitioner*, ) ) v. ) ) STATE OF TENNESSEE, ) ) *Respondent*. ) ) ) | Case No. 3:25-cv-236 Judge Travis R. McDonough Magistrate Judge Debra C. Poplin |

## MEMORANDUM OPINION

Edward C. Browder, acting as next friend of Earnest Stephen Bradley, a pretrial detainee housed in Knox County, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] challenging Mr. Bradley's pretrial detention for various charges on the grounds that (1) Mr. Bradley has received ineffective assistance of counsel during his incarceration; (2) Mr. Bradley does not have access to the courts; and (3) Mr. Bradley has been subjected to "prosecutorial manipulation" (Doc. 1). Based on these allegations, the petition requests in relevant part that the Court (1) order Mr. Bradley's release or vacate all state court actions during the time Mr. Bradley did not have counsel; and/or (2) order Mr. Bradley released on bond. (*Id.* at 8.) For the reasons set forth below, this petition will be **DISMISSED**.

---

[1] While Mr. Browder classifies the petition as filed under both 28 U.S.C. §§ 2241 and 2254, the Court construes it as filed under § 2241, as it is apparent that Mr. Bradley is a pretrial detainee (Doc. 1-1, at 17), and § 2241 is the path down which "pretrial detainees must travel" to obtain habeas corpus relief. *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (citation omitted).

First, only Mr. Browder signed the habeas corpus petition. (*Id.*) Under Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he petition must[] . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Mr. Browder asserts that he may properly file this action on Mr. Bradley's behalf because "(1) Mr. Bradley is unable to litigate this matter himself due to incarceration and denial of meaningful legal assistance, and (2) Mr. Browder is genuinely dedicated to [Mr. Bradley's] best interests and shares a significant relationship rooted in sustained legal support and trust." (Doc. 1, at 2 (citing *Whitmore v. Arkansas*, 495 U.S. 149 (1990)). In *Whitmore*, the Supreme Court held that a putative next friend seeking to pursue a habeas corpus action on a prisoner's behalf under § 2242 must demonstrate that the prisoner cannot prosecute the case himself due to "inaccessibility, mental incompetence, or other disability," and that courts do not grant standing to proceed as next friend on behalf of a prisoner "automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163–64.

Nothing in the record supports Mr. Browder's assertion that he may pursue this action on Mr. Bradley's behalf under *Whitmore* and § 2242. Specifically, while Mr. Browder asserts that Mr. Bradley is unable to litigate this matter due to his incarceration and lack of legal assistance, Mr. Bradley's incarceration and alleged lack of legal assistance do not prevent him from accessing the state and federal courts, and this Court routinely handles pro se habeas corpus petitions filed by incarcerated individuals. And while Mr. Browder also claims in the petition that Mr. Bradley does not have access to the courts, the only facts Mr. Browder sets forth to support this assertion are his allegations that the state courts ignored certain pro se filings from Mr. Bradley and/or did not grant him relief based on those filings. (Doc. 1, at 5; Doc. 1-1, at 9–10.) But the petition contains no facts indicating that Mr. Bradley cannot file documents,

including but not limited to habeas corpus petitions, with the state and/or federal courts. Accordingly, the Court will **DISMISS** this action on this ground.

The Court additionally notes that, even if Mr. Bradley had signed the habeas corpus petition, it is apparent that this Court is not the appropriate avenue for Mr. Bradley to seek habeas corpus relief from his ongoing state criminal court proceeding at this time. While federal courts have "jurisdiction . . . to consider pretrial habeas corpus petitions, they should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). As such, the Supreme Court has held that a federal court must refrain from interfering in a state criminal case when: (1) a state proceeding is ongoing; (2) an important state interest is involved; and (3) the party has an adequate opportunity to raise constitutional challenges in the state proceeding. *Younger v. Harris*, 401 U.S. 37, 43–45, 53–54 (1971).

In fact, the instances permitting a pretrial detainee to challenge his prosecution prior to judgment are "rare" and "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). Notably, the Sixth Circuit has found that a federal court may rule on the merits of such pretrial habeas corpus petitions only where (1) the petitioner sought a speedy trial and exhausted his available state court remedies, (2) the petitioner sought to avoid a second trial due to double jeopardy concerns, or (3) the petitioner faced prejudice from prior ineffective assistance of counsel and due process violations on retrial. *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (citations omitted).

Nothing in the petition suggests that Mr. Bradley has an extraordinary claim that warrants federal intervention into ongoing his state court criminal proceedings.  The petition seeks habeas corpus relief based on the assertions that:

(1) An arrest warrant was issued for Mr. Bradley due to his failure to appear for a March 14 court date for which his then-appointed counsel (a) did not appear; (b) "encouraged" Mr. Bradley not to appear due to his prearranged travel, and (c) advised him she would tell the assistant district attorney that he would not appear due to the travel;

(2) At the March 14 court date, the assistant district attorney acted based on hearsay from Mr. Bradley's ex-wife and did not tell the court that Mr. Bradley's counsel had advised Mr. Bradley to travel and therefore miss the court date;

(3) Mr. Bradley's appointed counsel then filed a motion to withdraw from representing him, but the trial court did not rule on the motion for five months, during which time the assistant district attorney did not seek to have counsel appointed for Mr. Bradley despite knowing his former counsel was no longer representing him; and

(4) The state courts ignored Mr. Bradley's pro se filings and/or denied him relief based on those filings.

(Doc. 2, at 2–8.)  But these allegations arise out of occurrences in Mr. Bradley's state court criminal proceedings that Mr. Bradley may raise in state court.  They do not present special circumstances justifying the Court's interference in Mr. Bradley's ongoing criminal proceedings.  Accordingly, the petition is also subject to dismissal on these grounds.

Now the Court must consider whether to issue a certificate of appealability ("COA"), should Mr. Browder and/or Mr. Bradley file a notice of appeal.  A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c).  When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

4

Case 3:25-cv-00236-TRM-DCP    Document 6    Filed 06/04/25    Page 4 of 5    PageID #: 83

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's determinations that this action cannot properly proceed through Mr. Browder as Mr. Bradley's next friend and the issues in the petition do not present extraordinary circumstances justifying the Court's intervention into Mr. Bradley's ongoing state court criminal proceedings, a COA will not issue.

For the reasons set forth above:

1. The petition for habeas corpus relief (Doc. 1) will be **DISMISSED WITHOUT PREJUDICE**;

2. A COA will not issue; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. As such, this Court **DENIES** Petitioner leave to proceed *in forma pauperis* on any subsequent appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**